AB:JRS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT |
| - against - | |
| TYQUAN JACKSON, | Case No. _____ |
| Defendant. | (18 U.S.C. § 922(g)(1)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL A. McCARTHY, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

On or about July 6, 2019, within the Eastern District of New York, the defendant TYQUAN JACKSON, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce, a firearm, to wit, a loaded Raven Arms semi-automatic pistol bearing serial number 826521.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course

1.      I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition.  I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.  Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.      On or about July 6, 2019, at approximately 9:30 p.m., two New York City Police Officers and one New York City Police Sergeant were on patrol in an unmarked vehicle in the East Flatbush neighborhood of Brooklyn, New York.[2]  Officer-1 was driving the car, Sergeant-1 was in the passenger seat and Officer-2 was in the back seat on the driver's side.

3.      While driving south on Troy Avenue, the officers saw the defendant TYQUAN JACKSON walking north on Troy Avenue, toward the approaching unmarked car.  All of the officers noticed that the defendant — who was wearing cargo shorts and a white t-shirt — was acting nervously, looking behind himself and gripping his waistband or his right front pocket.

---

of this investigation.

[2]  Because multiple law enforcement personnel were involved in the arrest of this defendant, I refer to them as Officer-1, Officer-2 and Sergeant-1 for ease of reference. The identities of each of these individuals are known to the affiant, and I and/or another law enforcement officer have interviewed each of these individuals about the events set forth herein.

4. As the car got closer to the defendant, Officer-2 and Sergeant-1 noticed a bulge in the defendant's pocket. When the car and the defendant were next to each other, Officer-2 and Sergeant-1 observed that the bulge was shaped like a right angle. Both Officer-2 and Sergeant-1 believed that the bulge was a gun.

5. At that point, the defendant looked directly at the unmarked car and let go of his shorts. When the defendant's pocket loosened from his grip, Sergeant-1 saw what he believed was the wooden and metal butt of a gun sticking out of the pocket.

6. Sergeant-1 opened the door of the car, identified himself as a police officer and told the defendant to stop. The defendant instead ran north on the sidewalk of Troy Avenue. Officer-1 put the car in reverse and followed the defendant. Before the end of the northern end of block, the defendant quickly reversed course and ran south on the sidewalk of Troy Avenue, again gripping his right front pocket. Officer-1 put the car back into drive and followed the defendant.

7. Before the southern end of the block, the defendant turned around again and ran back north, still gripping his right front pocket. Sergeant-1 and Officer-2 then got out of the car to pursue the defendant on foot. Sergeant-1 chased after the defendant on the sidewalk, shouting that the officers were police officers and that the defendant should stop. Officer-2 ran parallel to Sergeant-1 on the street.

8. During the chase, both Sergeant-1 and Officer-2 saw the defendant remove a metallic object from his pocket and lob it to the west. Both officers heard a clinking sound that they recognized as the sound of metal hitting the sidewalk or a driveway.

9. Sergeant-1 ultimately subdued the defendant. While Officer-2 assisted in putting the defendant in handcuffs, Sergeant-1 repeatedly yelled that Officer-2 and

Officer-1 (who had caught up after parking the car) should go get the gun that the defendant had dropped.

10. Once the defendant was secured, Sergeant-1 and Officer-2 went to search for the gun while Officer-1 stayed with the defendant. Sergeant-1 found a loaded, silver Raven Arms semi-automatic pistol with wood detailing on the handle, bearing serial number 826521, in a driveway near where he and Officer-2 had seen the defendant drop the gun.

11. I have reviewed the defendant's criminal history, which revealed that on or about February 01, 2016, in Kings County Supreme Court, the defendant was convicted of criminal sale of a controlled substance in the third degree, narcotic drug, in violation of New York Penal Law § 220.16(1), a class B felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about March 9, 2016 to a term of one year's imprisonment. The defendant's criminal history further revealed that, on or about June 15, 2016, in Kings County Supreme Court, the defendant was convicted of criminal possession of a weapon in the second degree, possession of a firearm outside of a person's home or business, in violation of New York Penal Law 265.03(03), a class C felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about July 5, 2016 to a term of 42 months' imprisonment. The defendant's criminal history further revealed that, on or about November 14, 2012, in Kings County Supreme Court, the defendant was convicted of criminal sale of a controlled substance in the fifth degree, in violation of New York Penal Law 220.31, a class D felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about January 15, 2016 to a term of two years' imprisonment.

12. I have conferred with a Nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has informed me, in substance and in part, that the Raven Arms semi-automatic pistol recovered in this case was manufactured outside the state of New York.

### REQUEST FOR SEALING

13. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and arrest warrant, as disclosure would give the target of the investigation an opportunity to destroy evidence, harm or threaten witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution and therefore have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant TYQUAN JACKSON so that he may be dealt with according to law.

MICHAEL A. McCARTHY
Detective
New York City Police Department

Sworn to before me this
11th day of July, 2019

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK