UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
UNITED STATES OF AMERICA,                                          :    19-cr-356 (ARR)
                                                                   :
   -against-                                                    :    NOT FOR PRINT OR
                                                                   :    ELECTRONIC
TYQUAN JACKSON,                                                    :    PUBLICATION
                                                                   :
                Defendant.                                         :    OPINION & ORDER
                                                                   :
------------------------------------------------------------------ X

ROSS, United States District Judge:

      Tyquan Jackson is charged in a single-count indictment as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Jackson moves to suppress physical and statement evidence obtained by New York City Police Department ("NYPD") officers on July 6, 2019, the date of his arrest. As the government does not intend to introduce Mr. Jackson's post-arrest statement in its case in chief, that portion of the motion is moot. *See* Govt.'s Mem. Of L. in Opp. to Def.'s Mot. to Suppress ("Govt. Br."), 10, ECF No. 44. For the reasons described below, the defendant's motion as to the physical evidence fails as a matter of law. Thus, I deny the motion without a hearing.

## BACKGROUND

      The parties disagree about the events of July 6, 2019, which led to Mr. Jackson's arrest and subsequent federal prosecution. I summarize both accounts here.

      Per the police complaint, a team of three NYPD officers saw Mr. Jackson walking on Troy Avenue in East Flatbush, Brooklyn, "acting nervously, looking behind himself and gripping his waistband or his right front pocket." Complaint and Affidavit, ("Compl.") ¶¶ 2–3, ECF No. 1. The

officers noticed a bulge in his pocket, which they believed to be a gun, and one of the officers saw a gun sticking out of his pocket. *Id.* ¶¶ 4–5. The officers pulled up next to defendant in their car, identified themselves and police officers and ordered Mr. Jackson to stop. *Id.* ¶ 6. Mr. Jackson took off running, and the officers pursued him, first in the car and then on foot. *Id.* ¶¶ 6–7.

The officers observed the defendant taking a metallic item out of his pocket and lobbing it towards the houses on the street. *Id.* ¶ 8. They heard the sound of metal hitting pavement. *Id.* The officers then apprehended and handcuffed the defendant. *Id.* ¶ 9. The officers then found a loaded semi-automatic pistol in a driveway near where they had seen Mr. Jackson throw a metallic object. *Id.* ¶ 10.

Per Mr. Jackson's affidavit, there was no visible bulge in his waist band or pants pocket that day, or if there was, it was from two smart phones and a cell phone charger in his pocket. Jackson Aff. ¶¶ 5–6, Ex. A, Def.'s Mem. of L. in Supp. of his Mot. ("Def.'s Br."), ECF No. 43-2. An unmarked car stopped next to him and he was chased, but did not hear anybody identify themselves as a police officer. *Id.* ¶¶ 2–4, 7. His counsel represents that as he was being chased, he did not remove anything from his pockets or lob anything to the ground. Def.'s Br. 4.

Mr. Jackson now seeks to suppress the firearm located at the scene, as well as his post-arrest statements to the officers.

**DISCUSSION**

Mr. Jackson argues that the gun the officers found must be suppressed as the fruits of an unlawful search and seizure.[1] *See* Def.'s Br. 5–7. He contends that the officers violated his Fourth Amendment rights because they did not have probable cause or reasonable suspicion to chase or

---

[1] The defendant's brief also refers to "statement evidence." *See* Def.'s Br. 2. As the government has stated it will not use Mr. Jackson's statement in its case-in-chief, this issue is moot. *See* Govt. Br. 10.

seize him him. *Id.* at 6. This argument runs into two problems: (1) Mr. Jackson lacks a Fourth Amendment privacy interest in a gun that does not belong to him found in a location that he has no interest in; and (2) if the gun did belong to Mr. Jackson, he abandoned it before he was seized, and thus the discovery of the gun was not a fruit of the seizure.

"In order to prevail on a contention that a search violated the Fourth Amendment, an accused must show that he had a legitimate expectation of privacy in a searched place or item." *United States v. Rahme*, 813 F.2d 31, 34 (2d Cir. 1987) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980)). The defendant bears the burden of proving that he had a legitimate expectation of privacy. *Rawlings*, 448 U.S. at 104.

Here, the gun was found on a private driveway and Mr. Jackson claims that the gun did not come from his pocket. Thus, he has no legitimate privacy interest in either the gun itself or the location where it was found. "[The defendant] can attempt at trial to show that the gun was not his, but he cannot suppress its introduction before trial." *United States v. Zorilla*, No. 91 CR. 733 (CSH), 1991 WL 274486, at *2 (S.D.N.Y. Dec. 12, 1991) (denying a motion to suppress on similar facts).

Mr. Jackson's motion fails for a second reason: the discovery of the gun was not caused by the seizure. A Fourth Amendment seizure occurs when the police use physical force to subdue an individual or an individual submits to police authority. *California v. Hodari D.*, 499 U.S. 621, 629 (1991). "[A] police pursuit in attempting to seize a person does not amount to a 'seizure' within the meaning of the Fourth Amendment." *County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998). An item thrown away by a defendant while he is being pursued but before he is seized is not considered fruit of the seizure. *See Hodari D.*, 499 U.S. at 629; *see also United States v. Huertas*, 864 F.3d 214, 215–16 (2d Cir. 2017).

"Evidence is not excluded as fruit of the poisonous tree unless the illegality is at least the but-for cause of the discovery of the evidence." *Kitroser v. United States*, No. 15-CR- 19 (KPF), 2019 WL 5395600, at *11 (S.D.N.Y. Oct. 22, 2019) (citing *Segura v. United States*, 468 U.S. 796, 815 (1984)). An item thrown away by a defendant while he is being pursued but before he is seized cannot be fruit of the poisonous tree because is not a but-for cause of the discovery of the evidence. *See Hodari D.*, 499 U.S. at 629.

Mr. Jackson argues that the abandonment was the involuntary consequence of illegal police conduct. *See* Def.'s Br. 6–7 n.2. An individual choosing to discard contraband because he is being chased by the police does not act involuntarily. Those are the exact circumstances of *Hodari D.* 499 U.S. at 623. ("The officers were suspicious and gave chase. . . . Looking behind as he ran, he did not turn and see [the police officer] until [he] was almost upon him, whereupon he tossed away what appeared to be a small rock."). The Second Circuit has also denied suppression motions involving similar facts. *See United States v. Huertas*, 864 F.3d 214, 215 (2d Cir. 2017) (denying motion to suppress a gun that defendant apparently abandoned while being pursued by police); *United States v. Swindle*, 407 F.3d 562, 564 (2d Cir. 2005) (denying suppression motion where defendant threw drugs out of his car window while he was being pursued by the police).

Mr. Jackson does not have a Fourth Amendment right in a gun that does not belong to him, found in a location that does not belong to him. If the gun was his, he abandoned it before he was seized, and thus its discovery was not a violation of his Fourth Amendment rights. In making this decision, I do not comment on the government's view that it is reasonable for police to stop somebody for "acting nervously[.]" *See* Compl. ¶¶ 2–3; Govt. Br.5. Mr. Jackson's motion fails as a matter of law and does not require a hearing to determine the reasonableness of the officers' conduct.

## CONCLUSION

For the foregoing reasons, Mr. Jackson's motion to suppress the gun discovered at the scene of his arrest is denied.

SO ORDERED.

                                                    /s/
                                     Allyne R. Ross
                                     United States District Judge

Dated:       April 10, 2019
               Brooklyn, New York