UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

— against —

TYQUAN JACKSON,
                    Defendant.

**No. 19-CR-356 (ARR)**

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

On October 28, 2020, I asked the government to write a letter explaining why it cannot disclose the files underlying the summaries of its *Giglio* material. I have reviewed the government's response, the defendant's opposition, and the related motions concerning the government's *Giglio* disclosures. I find that the underlying files for certain substantiated Civilian Complaint Review Board ("CCRB") allegations, enumerated below, must be disclosed to the court for an *in camera* review so that I may assess whether or not they contain material impeachment information that must be disclosed to the defense.

## DISCUSSION

Ordinarily, the government decides which files to disclose to the defense. *Contreras v. Artus*, 778 F.3d 97, 114 (2d Cir. 2015). In certain circumstances, however, the district court may order the government to disclose its files for an *in camera* review by the court. *Id.*; *see also United States v. Leung*, 40 F.3d 577, 582 (2d Cir.1994) ("[I]n some circumstances the trial court should not rely on the Government's representations as to the materiality of potential impeachment evidence, but should instead undertake an independent *in camera* review of

1

relevant Government files to determine materiality."). "While *ex parte* proceedings are generally discouraged, it is well established that where 'there is a question as to the relevance or materiality of a given group of documents,' the government may submit the documents to the court for the judge's independent *in camera* review." *Artus*, 778 F.3d at 114 (quoting *United States v. Wolfson,* 55 F.3d 58, 60 (2d Cir.), *cert. denied,* 516 U.S. 990 (1995)). The Second Circuit has encouraged the use of such a review, which "provides a check on the prosecution's determinations and helps protect the defendant's rights to an effective defense at trial" while still "preserv[ing] the confidentiality of those documents that the court determines need not be disclosed.'" *Artus*, 778 F.3d at 114–115 *(*quoting *Wolfson*, 55 F.3d at 60).

In order to justify such a review, the defendant must first make a "particularized showing of the materiality and usefulness of the information contained in the files." *United States v. James*, No. 02 CR 778 (S-3) (SJ), 2005 WL 8161681, at *11 (E.D.N.Y. Oct. 12, 2005). Once the defendant has done so, the court is "required" to conduct an *in camera* review of the material. *Id.* In *United States v. James*, the district court ordered an *in camera* review after the defendant "raise[d] questions about the credibility" of a government witness whose testimony was a "key factor in the government's ability to tie the defendants to the [charged crime]." *Id.* at *12.

Here, the defendant requests disclosure of the *Giglio* material contained in the Internal Affairs Bureau ("IAB") cases, the Civilian Complaint Review Board ("CCRB") cases, and documents concerning the civil lawsuits brought against the NYPD officers who will testify as witnesses for the government. The defense seeks this information because "the officers' credibility will be a main issue at trial." Def. Mot. 5, ECF No. 78. The defense does not make any specific arguments as to why it needs the underlying files, as opposed to the summaries, arguing more generally that "it is not possible for the court or the defendant to evaluate the

admissibility or appropriateness for cross examination without viewing the files." Def.'s Letter 3, ECF No. 84. The defense argues that the material should be provided directly to the defendant rather than to the court, citing *Daniels v. City of New York*, No. 13-CV-6286 (PKC), 2014 WL 325934, at *2 (S.D.N.Y. Jan. 27, 2014) (declining to review prior disciplinary files *in camera* because "no persuasive reason" had been presented to justify such a review, which "requires a court to make predictive judgments as to how a skilled plaintiff's lawyer might seek to use the document and then shift gears and determine whether the use would likely be permissible, given the age and similarity of events.").

The government, to the contrary, argues that that the defendant is not entitled to access the files underlying its summaries of its *Giglio* disclosures. Gov't's Letter 3, ECF No 82. It further argues that there are "no grounds" even for the court to review the files *in camera*, and urges the court to limit any review to documents "concerning substantiated findings related to credibility." *Id.*

After a careful review of the summaries of the *Giglio* material provided by the government, I find that three of the substantiated CCRB cases contain material that may be probative of the witnesses' characters for untruthfulness, *see Fed. R. Evid.* 608(b), and therefore may be material to the defense's attack on their credibility. Although the defense has not made any specific argument as to why the government's summaries of these cases do not suffice, I still find that it is necessary for me to review these files *in camera* in order to determine the admissibility of this evidence for impeachment purposes under Rule 608(b).

As to the rest of the material[1]—the remaining CCRB cases, IAB cases, and civil lawsuits—I find that the contents do not relate to the credibility of the officers and that an *in camera* review is therefore not warranted. I explain each of these findings below.

### I.      The 2015 CCRB Case Against Sergeant Alexander

In 2015, an individual alleged that a group of officers stopped his vehicle, frisked him, and searched his vehicle without justification and that, during an encounter on the following day, the same officers refused to provide their names when asked. Gov't Mot. 5, ECF No. 76. The CCRB found by a preponderance of the evidence that Sergeant Alexander was one of the officers. *Id.* Sergeant Alexander denied any recollection of the incident and had no record of it in his memo book. *Id.*

According to the government, neither the CCRB investigator nor the CCRB made any official adverse credibility findings against Sergeant Alexander. *Id.* However, the fact that the CCRB substantiated the individual's allegations against Sergeant Alexander, despite his denial of those allegations, suggests that the CCRB did not find Sergeant Alexander's statements to be credible.

The CCRB's disregard of Sergeant Alexander's version of events may be probative of his character for truthfulness and therefore material to the defense. Accordingly, I find that an *in camera* review of the underlying file is warranted.

### II.      The August 2011 CCRB Case Against Officer Feliciano

---

[1] As for Judge Irrizary's adverse credibility finding against Sergeant Alexander in *United States v. Kelvin Jones*, No. 17-CR-103 (DLI), 2018-WL-1582217 (E.D.N.Y., Mar. 29, 2018), *see* Gov't Mot. 2–3, I find that I am able to make an admissibility determination based on the substance of her opinion, and therefore do not require any underlying government files. I will address the admissibility of her adverse credibility finding when I rule on the government's motion to preclude cross-examination regarding its *Giglio* materials.

In August 2011, an individual working as a home health aide alleged that she had called 911 to report that she was being sexually harassed by one of her patients, and that when Officer Feliciano responded to her call, he stated, "He [the patient] just wanted a piece of island meat," and "He just wanted a piece of island meat to eat." Gov't's Mot. 11. Although Officer Feliciano denied making this remark or discussing the complainant's ethnicity or nationality, the CCRB substantiated the allegation, finding that the complainant's statements were credible and that there was no evidence to substantiate Officer Feliciano's denial. *Id.* The clear implication here is that Officer Feliciano lied, which calls his credibility into question. I find that an *in camera* review of the underlying file is warranted.

### III.     The October 2018 Case Against Officers Cayenne and Sabella

The CCRB substantiated allegations that in October 2018, Officers Cayenne and Sabella attempted to make an improper stop of an individual, and that Officer Sabella lacked a basis to use force to stop that individual. Gov't's Mot. 9, 13. During the CCRB investigations, Officers Cayenne and Sabella told contradicting stories about their reasons for suspecting the individual of a robbery. *Id.* at 9. Furthermore, Officer Cayenne's claim that he was responding to a 911 call which described the perpetrator of the robbery as a black male was discredited by the investigator's review of the actual 911 call, which did not make any mention of the perpetrator's race. *Id.* The CCRB investigator reported that "[g]iven their inconsistent and contradictory testimony, the investigation did not credit the officers' basis for suspecting [the individual] as the perpetrator of the robbery." *Id*. Given the investigator's finding that the officers' testimonies were incredible, an *in camera* review of the underlying file is warranted.

### IV.     The Remaining *Giglio* Disclosures

All of the civil lawsuits brought against the government's witnesses are either currently

pending or have already ended in settlement without any admission of wrongdoing by the defendant or adverse credibility finding by the court. I therefore have no reason to believe that the underlying files are likely to contain material that is relevant to the credibility of the witnesses, and an *in camera* review is not warranted.

I also find that the defendant has failed to make the requisite showing that the IAB cases are material to the defense. The defendant has not addressed any of the IAB cases summarized by the government with any specificity and, in my own review of the summaries, I did not find any indication that the IAB cases involved any false statements made by the witnesses. I therefore decline to order the government to provide these materials for *in camera* review.

## CONCLUSION

For the foregoing reasons, the government is ordered to disclose the underlying files identified above to the court for an *in camera* review. After I have concluded my review, I will issue an order on the government's motion to preclude the defense from cross-examining its witnesses regarding these CCRB cases as well as Judge Irrizary's adverse credibility finding against Sergeant Alexander in *United States v. Kelvin Jones*, No. 17-CR-103 (DLI), 2018-WL-1582217 (E.D.N.Y., Mar. 29, 2018).


SO ORDERED.

Dated: November 9, 2020
        Brooklyn, NY

                                        _/s/_____
                                        Allyne R. Ross
                                        United States District Judge