1

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS - CRIMINAL TERM - PART: BTC
------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

              -against-

TYQUAN JACKSON,

                                  Defendant.
------------------------------------------X

Indict. No. 4852-2012         320 Jay Street
2012KN089346                  Brooklyn, New York
Plea - SCI 9486-2012          November 14, 2012


B E F O R E:

     HONORABLE JO ANN FERDINAND, Justice



A P P E A R A N C E S:

            OFFICE OF CHARLES J. HYNES, ESQ.
            DISTRICT ATTORNEY, KINGS COUNTY
                Attorney for the People
            BY:  JONATHAN LASKIN, ESQ.
                Assistant District Attorney


            VERENA POWELL, ESQ.
                Attorney for the Defendant
                299 Broadway
                New York, New York




                    SUZANNE GRANT
                    OFFICIAL COURT REPORTER
```

1     THE CLERK:  This is on the BTC calendar, number
2  31, Tyquan Jackson, 4852 of 2012.
3     Also on the AP-D calendar, number 3,
4  2012KN089346.
5     MS. POWELL:  Good afternoon.  On behalf of Mr.
6  Jackson, Verena Powell, 299 Broadway New York, New York.
7     THE COURT:  Good afternoon.
8     As you know, Mr. Jackson has been a participant
9  since September when he pled guilty to a misdemeanor and
10 agreed to participate in treatment.  He was warned that if
11 he failed to comply he would receive a sentence of nine
12 months in jail.
13    About a month later he was rearrested on this new
14 felony drug charge.  I agreed to allow Mr. Jackson to be
15 reassessed and I understand from the treatment staff that
16 they believe he would be an appropriate candidate for a
17 residential program.
18    They have, in fact, spoken with Phoenix House who
19 has found Mr. Jackson an appropriate candidate for that
20 program.
21    Are the People willing to make a treatment offer
22 on the new case?
23    MR. LASKIN:  Yes.  He would need to plead guilty
24 on the new case to criminal sale of a controlled substance
25 in the third degree and then do whatever the treatment

1   program the treatment staff and court deem necessary.

2           If he completes any recommended program that plea

3   will be vacated along with the plea that he previously

4   entered and both cases would then be dismissed.

5           If he's noncompliant the jail alternative on the

6   new case is a one year definite sentence to run consecutive

7   to the nine month sentence on the earlier case.

8           If he gets rearrested his maximum exposure on the

9   new case is now nine years plus two years of post-release

10  supervision.

11          THE COURT:  So if Mr. Jackson is interested in

12  the People's offer in a residential program, I want him to

13  understand that because he will now have not only a

14  misdemeanor but a misdemeanor and a felony, his treatment

15  mandate will be longer and obviously his jail alternative

16  is longer.  And if he comes back with yet another arrest

17  there will be no more chances.

18          So, Miss Powell, you've discussed all of this

19  with Mr. Jackson and is he interested?

20          MS. POWELL:  Yes, your Honor, I have.

21          THE COURT:  I am in receipt of Superior Court

22  Information 9486 of 2012.  It charges Tyquan Jackson with a

23  single count of the class D felony criminal sale of a

24  controlled substance in the third degree along with waivers

25  signed by Mr. Jackson, his attorney and the assistant

Proceedings                                                    4

1    district attorney waiving his right to a felony hearing, a
2    grand jury indictment and an appeal after sentence.
3             Mr. Jackson, I'd like to ask you some questions.
4             Would the clerk please swear him in.
5             (Whereupon, the Defendant was duly sworn by the
6    clerk of the court.)
7             THE CLERK:  State your name in a loud clear
8    voice, please.
9             THE DEFENDANT:  Tyquan Jackson.
10            THE CLERK:  Thank you.
11            THE COURT:  Mr. Jackson, you are charged in the
12   second case with a felony.  Because the case charges a
13   felony, you have the right to have this case presented to a
14   grand jury and you have the right to wait for the grand
15   jury to vote an indictment before you are prosecuted for
16   this crime.
17            You've just signed papers waiving those rights.
18   Do you understand that?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Before signing these papers did you
21   discuss all of this with Miss Powell, your lawyer?
22            THE DEFENDANT:  Yes.
23            THE COURT:  Please arraign Mr. Jackson on the
24   SCI.
25            THE CLERK:  Counsel, have you received a copy of

Proceedings                                                5

1        the Superior Court information?
2                  MS. POWELL:  I'm getting a copy now.  I did
3        review it.
4                  THE CLERK:  You waive its public reading?
5                  MS. POWELL:  Yes, we do.
6                  THE CLERK:  How does your client now plead?
7                  MS. POWELL:  My client pleads not guilty.
8                  THE CLERK:  Enter the plea now.
9                  MS. POWELL:  Okay.  At this point in time having
10       had a chance to review the SCI number 9486 of 2012, my
11       client withdraws his previously entered plea of not guilty
12       to the SCI and enters a plea of guilty to criminal sale of
13       a controlled substance in the third degree with the
14       understanding that Mr. Jackson will take part in the
15       Brooklyn Treatment Court program that will be managed by
16       the Phoenix House program.
17                 My client also understands that should he
18       complete the program both the SCI as well as the original
19       indictment before the Court, that being 4852 of 2012, will
20       both be dismissed.
21                 If my client is noncompliant while a participant
22       in the Phoenix House program he will receive nine months
23       incarceration on the original indictment and consecutive to
24       one year incarceration on the SCI to which he is entering a
25       plea of guilty to today.

Proceedings                                                  6

1       Should my client be rearrested after being
2   released to an outpatient component of the Phoenix House
3   program, my client is looking at a period of incarceration
4   up to nine years plus a period of post-release supervision
5   of at least two years.
6           THE COURT:  So, Mr. Jackson, your lawyer has just
7   said you are prepared to plead guilty to the felony
8   criminal sale of a controlled substance in the third degree
9   in this case in which you were arrested in October of this
10  year, is that what you wish to do?
11          THE DEFENDANT:  Yes.
12          THE COURT:  As you know, the treatment staff have
13  advised us that you, yourself, continue to have a substance
14  abuse problem and they are recommending that you enter a
15  residential program to get help for this problem.  Are you
16  prepared to follow this treatment plan?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Now, you have a right to a trial in
19  this case before a judge or a jury.  At a trial the
20  witnesses against you would testify, your lawyer would
21  question the witnesses, you could testify and call
22  witnesses in your own behalf.  Those are the rights that
23  you give up by pleading guilty.  Is all of that clear?
24          THE DEFENDANT:  Yes.
25          THE COURT:  The charge is that on October the

TJ004276

1    26th of this year, at 9:30 in the morning, on East 23rd
2    Street, here, in Brooklyn, you sold drugs.  Is that charge
3    true?
4            THE DEFENDANT:  Yes.
5            THE COURT:  And what is the drug that you sold?
6            THE DEFENDANT:  Crack cocaine.
7            THE COURT:  Now, based on your plea of guilty in
8    this case, Mr. Jackson, you could be sentenced to as much
9    as nine years in state prison followed by two years of
10   post-release supervision.
11           I have agreed to delay imposing any sentence to
12   give you an opportunity to participate in a residential
13   drug treatment program.
14           If you cooperate with this plan, if you
15   successfully complete between a year-and-a-half and up to
16   two years of treatment, the plea you just entered will be
17   vacated and these charges will be dismissed.
18           However, if you fail to enter or complete
19   treatment you will have a felony conviction for this case
20   and you will be sentenced in this case to one year in jail.
21           In addition to that one year, you will also be
22   sentenced to an additional nine months for the earlier
23   case.  You understand all that?
24           THE DEFENDANT:  Yes.
25           THE COURT:  If you do complete the mandate both

1    this case and the earlier case will be dismissed.  Meaning
2    you will have no criminal record as a result of either
3    arrest.
4           Now, while you're in treatment I expect you to be
5    law abiding.  If you get arrested again there is no promise
6    that you will be allowed to remain in treatment.  And if
7    you come back here with yet another felony drug charge,
8    don't expect to be allowed to continue in treatment.
9           If you get arrested again you would be facing the
10   possibility of receiving that maximum nine years prison
11   term.
12          Do you understand everything I've said today?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Has anyone made any promise different
15   from what I've said?
16          THE DEFENDANT:  No.
17          THE COURT:  Has anyone made any threats to force
18   you to plead guilty?
19          THE DEFENDANT:  No.
20          THE COURT:  Before entering this plea you signed
21   several pieces of paper including a contract with the court
22   and a waiver of your right to appeal.
23          Before signing these papers, before pleading
24   guilty, did you discuss all of this with Miss Powell, your
25   lawyer?

1              THE DEFENDANT: Yes.
2              THE COURT: Are you ready to enter a residential
3      program?
4              THE DEFENDANT: Yes.
5              THE COURT: You ready to be drug free?
6              THE DEFENDANT: Yes.
7              THE COURT: Do you have any questions you'd like
8      to ask me?
9              THE DEFENDANT: No.
10             THE COURT: Is the plea acceptable to the People?
11             MS. LASKIN: Yes, it is.
12             THE CLERK: Mr. Jackson, is Miss Powell, who
13     stands next to you, your attorney?
14             THE DEFENDANT: Yes.
15             THE CLERK: Do you now wish to withdraw your
16     previously entered plea of not guilty on Docket
17     2012KN089346 and now plead guilty to the crime of criminal
18     sale of a controlled substance in the fifth degree, a class
19     D felony, in full satisfaction of this Superior Court
20     Information No. 9486 of 2012, is that what you wish to do?
21             THE DEFENDANT: Yes.
22             THE CLERK: Thank you.
23             THE COURT: So why do you think we agreed to give
24     you another chance in treatment, Mr. Jackson?
25             THE DEFENDANT: Maybe I have hope and faith.

1           THE COURT: Okay. And do you think you deserve
2    another chance?
3           THE DEFENDANT: Yeah.
4           THE COURT: Why?
5           THE DEFENDANT: Because nobody's perfect.
6           THE COURT: Okay. Here's what I see.
7           You came here and you weren't really sure you
8    wanted to do this. The first time we offered it you turned
9    it down, right.
10          Then as the case went on you started to see maybe
11   this was the best deal you were going to get and that's why
12   you did it. But you really didn't do it with a great
13   commitment to change.
14          And in the first month you didn't really change
15   too much. You were still hanging out with the same people
16   and probably still getting high.
17          So my view is, if you make a decision that you're
18   ready to change both the people you hang out with, the
19   activities you're involved in, if you decide to start
20   taking your life seriously, getting an education, getting
21   better job training so that you can do something positive
22   in your life, there's no reason why you can't be
23   successful. So I'm willing to give you an opportunity to
24   show us that you decided that you're going to take it
25   seriously this time. And I'm hoping that the week or so

1    you've spent in jail is enough to convince you that you
2    don't want to be in jail.  Because whether you go back
3    again, what do you think it depends on?
4               THE DEFENDANT:  Me.
5               THE COURT:  Exactly.
6               How do you have feel about going to Phoenix
7    House?
8               THE DEFENDANT:  Whatever works is fine.
9               THE COURT:  What?
10              THE DEFENDANT:  Whatever works is fine with me.
11              THE COURT:  Are you ready to go there?
12              THE DEFENDANT:  Yeah.
13              THE COURT:  Are they ready to take him today?
14              MS. FOURNIER:  Yes, Judge.  Mr. Ron is present in
15   the courtroom from Phoenix House to be escorted to the
16   program.
17              THE COURT:  Are you ready it go there today?
18              THE DEFENDANT:  Yeah, I am.
19              Can I ask a question?
20              THE COURT:  Sure.
21              THE DEFENDANT:  Can I get until tomorrow?
22              THE COURT:  You want to go back to Rikers?
23              THE DEFENDANT:  No, I want to go home and shower
24   and get --
25              THE COURT:  Can you go home, that's what you want

1      to know?

2                THE DEFENDANT:  Yeah.

3                THE COURT:  Okay.  What do you think the answer

4      is?

5                THE DEFENDANT:  I'm not sure.

6                THE COURT:  You're afraid to say it.  You think

7      if you say it will -- you're not going home.  I'm happy

8      giving you a chance to go to the program.  They have

9      showers at Phoenix House.

10               I'm willing to allow you to leave here and go to

11     the program.  They will make arrangements with you to get

12     your clothing.  If your family can bring it to them, if not

13     they will make arrangements for somebody to take you home

14     to pick up your belongings.  Not today.  Today you need to

15     go there.  Once you are there you need to stay there and

16     follow their rules.  You ready to do all that?

17               THE DEFENDANT:  Yes.

18               THE COURT:  So why do you think I'm not letting

19     you go home?

20               THE DEFENDANT:  I'm not sure.

21               THE COURT:  Well, the first thing is you haven't

22     proved to me that I can trust you yet.  Have you?

23               So before you ask for stuff, why don't you spend

24     a little time proving that you're trustworthy.

25               The second thing is, I'm worried that you're

Proceedings                                          13

1   going to go home and you are going to find marijuana hidden
2   somewhere in your house and make a stupid decision.
3           The third thing is, I'm worried you're going to
4   go home and you're going to meet some friends who are going
5   to convince you that it's more fun to stay home and hang
6   out than to start working on your future.
7           So my goal is to get you to the program and start
8   you working towards a better future.  So as long as you are
9   willing to go there today I'm prepared to release you from
10  jail.
11          Are there any holds?
12          COURT OFFICER:  No holds, Judge.
13          THE COURT:  He's released on his own recognizance
14  with the understanding he's entering Phoenix House.
15          They're asking for 12/18, Miss Powell, is that
16  all right with you?
17          MS. POWELL:  May I have one moment, your Honor?
18          THE CLERK:  He has an open matter in AP-4 as
19  well.
20          THE COURT:  Right, he has another open matter.
21  He's been very busy.
22          THE CLERK:  It's on January 4th in AP-4.
23          THE COURT:  Okay.  We will have to figure out
24  what we're going to do with that.
25          MS. POWELL:  Your Honor, the 18th is a busy day

1       for me.
2              THE COURT:  Let me just see if we have other --
3       how is the 13th?
4              MS. POWELL:  Very good, your Honor.
5              THE COURT:  So I will see you back here on
6       December 13th so we can make sure you're off to a good
7       start.
8                 (Adjourned to December 13, 2012.)
9
10                         *   *   *   *
11
12           It is hereby certified that the
         foregoing is a true and accurate transcript
13       of the proceedings.

14       _____
         SUZANNE GRANT
15       OFFICIAL COURT REPORTER