UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

— against —

TYQUAN JACKSON,

*Defendant*.

No. 19-CR-356 (ARR)

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

The government moves to admit evidence of defendant Tyquan Jackson's 2016 conviction for firearm possession as part of its direct case pursuant to Federal Rule of Evidence 404(b). Additionally, the government seeks to include evidence of gun possession by Mr. Jackson's co-defendant in that same case. The defense opposes.

## BACKGROUND

In July 2016, defendant Tyquan Jackson was convicted of Criminal Possession of a Weapon in the Second Degree, for which he was sentenced to 42 months' imprisonment. Gov't's Mot. *in Limine* 2 ("Gov't's Mot."), ECF No. 75. This conviction related to his possession of a loaded Phoenix Arms HP25A semi-automatic handgun in May 2015. *Id.* at 3. The Phoenix Arms model is the "successor" to the "virtually identical" Raven Arms MP-25 model, which Mr. Jackson is accused of possessing in the present case. *Id.* at 2–3 & 3 n.1. At the time of the 2015 arrest, a passenger in the same car as Mr. Jackson was found to be carrying a Raven Arms MP-25 semi-automatic handgun. *Id.* at 3.

## DISCUSSION

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of [a] crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Nevertheless, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Second Circuit has adopted an "inclusionary approach" to Rule 404(b) evidence, which "allows evidence 'for any purpose other than to show a defendant's criminal propensity.'" *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992)); *see also United States v. Levy*, 731 F.2d 997, 1002 (2d Cir. 1984) (Rule 404(b) sets forth only a "non-exhaustive list of purposes for which other act or crime evidence may be admitted.").

However, "this inclusionary approach does not invite the government 'to offer, carte blanche, any prior act of the defendant in the same category of crime.'" *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (quoting *Garcia*, 291 F.3d at 137). Such evidence is also still subject to balancing under Rule 403 and "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Pitre*, 960 F.2d at 1119. Where the Rule 404(b) evidence "involve[s] conduct more inflammatory than the charged crime," the evidence should be excluded on the grounds of unfair prejudice under Rule 403. *United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006) (quoting *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999)).

### A. As to Tyquan Jackson

The government argues that evidence of Mr. Jackson's prior firearm possession is admissible under Rule 404(b) because it shows that Mr. Jackson had access to a firearm and is relevant to establishing Mr. Jackson's identity as the person who possessed the firearm. Gov't's Mot. 6–7. I agree that the evidence of Mr. Jackson's prior gun possession is probative of access. *See United States v. Slaughter*, 248 F. App'x 210, 212 (2d Cir. 2007) (holding that evidence "showing that a defendant possessed a handgun prior to the charged crime is properly admitted to show access to such a weapon" where the defendant "denied . . . the gun was his"). In fact, the evidence is particularly probative because the firearm in the prior case was "virtually identical" to the gun he is charged with possessing in the present case. Gov't's Mot. 3 n.1.

While I find that the evidence of Mr. Jackson's prior gun possession is admissible to demonstrate access, I do not find that it is admissible to demonstrate his identity through a common *modus operandi*. In order to admit evidence for the purpose of showing a *modus operandi*, the Second Circuit requires that "the characteristics relied upon are sufficiently idiosyncratic to permit a fair inference of a pattern's existence." *United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984). "The extrinsic act[] must share 'unusual characteristics' with the act charged or represent a 'unique scheme.'" *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) (internal citation omitted). Here, there is no evidence to suggest that these specific gun types are uncommon enough to constitute an "unusual characteristic" or idiosyncrasy indicative of a pattern.

The evidence of Mr. Jackson's prior gun possession, used to demonstrate access under Rule 404(b), is admissible under Rule 403's balancing test. As the government notes, Mr. Jackson has indicated that he will stipulate to a prior felony conviction. Gov't's Mot. 7.

Therefore, the jury will already be aware that Mr. Jackson has previously committed a felony, so there is minimal prejudice associated with introducing additional evidence of a prior crime. *United States v. Williams*, 526 F. App'x 29, 35 (2d Cir. 2013) (summary order) ("[B]ecause an element of the offense involved being a convicted felon, there was very little risk of unfair prejudice to [the defendant] in introducing evidence of his [prior] conviction because the jury already knew of his status as a felon"). Furthermore, the prior gun possession is not "more inflammatory" than the present gun possession offense. *Paulino*, 445 F.3d at 223. The probative value of the evidence easily outweighs the risk of prejudice under Rule 403, and I therefore rule that the evidence is admissible.

### B. As to Tyquan Jackson's Co-Defendant

The government also argues that evidence that Mr. Jackson's co-defendant possessed a Raven Arms MP-25 firearm should be admitted to show that Mr. Jackson had access to this exact type of weapon and that he was the one who possessed the gun in this case. Gov't's Letter Resp. Def.'s Suppl. Opp'n 1 ("Gov't's Letter"), ECF No. 113. In opposition, the defense argues that this evidence is irrelevant under Federal Rule of Evidence 401, and unduly prejudicial under Federal Rule of Evidence 403. Def.'s Suppl. Opp'n, ECF No. 112.

I will not allow this evidence to be admitted for the purpose of proving Mr. Jackson's identity for the reasons discussed above. This evidence is even less relevant to Mr. Jackson's identity because it pertains to a person other than Mr. Jackson. I will, however, allow this evidence to be admitted for the purpose of proving access. I disagree with the defendant's characterization of this evidence as "irrelevant." *Id*. The fact that Mr. Jackson was in the same car as someone who possessed a Raven Arms MP-25, which was virtually identical to the gun Mr. Jackson possessed at that time, increases the probability that Mr. Jackson had access to that

4

particular make and model of gun. Under Rule 403, I find that there is little risk of prejudice in admitting evidence of a prior act committed by someone other than the defendant. I will include a limiting instruction explaining that this evidence is admissible for the sole purpose of proving Mr. Jackson's access in order to eliminate any risk that the jury will be confused or misled by the link drawn between Mr. Jackson and his co-defendant.

## CONCLUSION

For the foregoing reasons, the government's motion is granted.[1]

SO ORDERED.

Dated: December 2, 2020
Brooklyn, NY

_____/s/_____
Allyne R. Ross
United States District Judge

---

[1] The government intends to call Detective Kevin Deleon to testify about Mr. Jackson's prior firearm possession. I have reviewed the letter filed on November 27, 2020, summarizing the allegations against Detective Deleon and do not find that any of them relate to his character for truthfulness. Gov't's Mot. Preclude, ECF No. 114. I have not received any objections from the defendant. I therefore grant the government's motion to preclude the defendant from cross-examining Detective Deleon about this material.