UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

— against —

TYQUAN JACKSON,

*Defendant.*

---

No. 19-CR-356 (ARR)

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

The government moves to cross-examine defendant, Tyquan Jackson, about his prior felony convictions for criminal sale of a controlled substance in the third and fifth degrees if he testifies. Gov't's Mot. *In Limine* 10–12 ("Gov't's Mot."), ECF No. 75; Gov't's Letter Order to Show Cause 1 ("Gov't's Letter."), ECF No. 97. The defendant opposes. Def.'s Opp'n Mot. *In Limine* 5–6 ("Def.'s Opp'n MiL"), ECF No. 86; Def.'s Opp'n Gov't's Letter ("Def.'s Opp'n Letter"), ECF No. 98.

## BACKGROUND

In October 2012, defendant, Tyquan Jackson, was arrested for selling crack cocaine to an undercover New York City Police Department ("NYPD") officer and pleaded guilty to criminal sale of a controlled substance in the fifth degree approximately three weeks later. Gov't's Letter 1–2. Mr. Jackson participated in the drug treatment court's diversionary program for several years before being sentenced to two years' imprisonment in January 2016. *Id.* at 2. In January 2015, Mr. Jackson again sold crack cocaine to an undercover NYPD officer. *Id.* He pleaded

1

guilty to criminal sale of a controlled substance in the third degree in February 2016 and was sentenced to one year of imprisonment in March 2016. *Id.*

Mr. Jackson was released from prison on May 31, 2018 and was arrested in connection with his present charge thirteen months later. *Id.* at 3. On August 6, 2019, a grand jury indicted Mr. Jackson on one count of being a felon in possession of a gun. Indictment, ECF No. 11. In the event that Mr. Jackson testifies at trial, the government moves to cross-examine him about his January 2016 and March 2016 drug-sale convictions for impeachment purposes under Federal Rule of Evidence 609(a)(1). Gov't's Letter 5.

## DISCUSSION

If a defendant testifies in a criminal trial, the government may impeach his or her "character for truthfulness" by admitting evidence of a prior criminal conviction that was punishable by death or by imprisonment for more than one year. Fed. R. Evid. 609(a)(1). "[I]f the probative value of the evidence outweighs its prejudicial effect to that defendant," then the evidence of the prior conviction must be admitted. *Id.* 609(a)(1)(B). Alternatively, if "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement," then the evidence must be admitted regardless of the length of punishment. *Id.* 609(a)(2). In any case, however, "if more than ten years have passed since the conviction or release from confinement, whichever is later," then the evidence is admissible only if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." *Id.* 609(b) (emphasis added).

Even if the elements of the crime of conviction did not require proving a dishonest act or false statement under Rule 609(a)(2), "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *United States v. Estrada*, 430

F.3d 606, 616 (2d Cir. 2005). In deciding whether the probative value of a prior conviction outweighs its prejudicial effect under Rule 609(a)(1), the district court must consider five factors: "[1] the impeachment value of the prior crimes, [2] the date of the conviction and the Defendant's subsequent history, [3] the degree of similarity between the past crimes and this crime, [4] the centrality of the Defendant's credibility in this case, and [5] the importance of the Defendant's testimony." *United States v. Brown*, 606 F. Supp. 2d 306, 311–12 (E.D.N.Y. 2009) (quoting *United States v. Jenkins*, No. 02-CR-1384, 2003 WL 21047761, at *2 (S.D.N.Y. May 8, 2003)).

If a district court permits evidence of a conviction to be used to impeach a criminal defendant under Rule 609(a)(1), it must presumptively allow "inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed." *Estrada*, 430 F.3d at 616. Nonetheless, although "Rule 609(a)(1) presumes that some details of a witness's felony conviction will be considered," if the statutory name or nature of an offense is not more probative than prejudicial, a court must exclude it. *Id.* In this regard, "different felonies . . . bear on credibility to varying degrees. District courts must thus undertake an individualized balancing analysis under Rule 609(a)(1) before excluding evidence of the statutory name of a witness's crime." *Id.*; *see also Brown*, 606 F. Supp. 2d at 312 ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense" (citations omitted)).

**I.     Mr. Jackson's Prior Conviction for Criminal Sale of a Controlled Substance in the Third Degree**

Although each of the *Brown* factors is important, the first factor is "[p]rime among them" because it analyzes "whether the crime, by its nature, is probative of a lack of veracity." *Brown*, 606 F. Supp. 2d at 312. While "Rule 609(a)(1) presumes that all felonies are at least somewhat

3

probative of a witness's propensity to testify truthfully," *Estrada*, 430 F.3d at 617, not all drug-related convictions lend the same weight. A drug-sale conviction falls somewhere between drug possession and drug smuggling in terms of its probative value. *United States v. Hayes*, 553 F.2d 824, 828 n.8 (2d Cir. 1977). While drug possession has "little bearing on the veracity of [a defendant] as a witness and thus, ranks fairly low on the impeachment value scale," *Brown*, 606 F. Supp. 2d at 319, courts in this circuit have found drug-sale convictions to be probative enough to warrant admission. *See, e.g.*, *United States v. Ortiz*, 553 F.2d 782, 785 (1977) (affirming the district court's decision to allow the government to use evidence of the defendant's prior conviction related to heroin sales for impeachment purposes); *United States v. Crumble*, 18-CR-32 (ARR), 2018 WL 2016852, at *6 (E.D.N.Y. May 1, 2018) ("[T]he Second Circuit has indicated that drug-sale convictions can have significant probative value as to character for truthfulness"); *United States v. White*, 312 F. Supp. 3d 355, 359 (E.D.N.Y. 2018) (finding that while a drug sale is not as probative as a conviction for narcotics smuggling, "it nonetheless has some impeachment value").

The government argues that Mr. Jackson's drug-sale convictions are especially probative of his willingness to lie in court because he was under judicial supervision for a prior drug possession charge when he made the illegal sales. Gov't's Letter 3. Mr. Jackson had been participating in the drug treatment court's diversionary program for only a month at the time of his first arrest for selling drugs in October 2012. *Id.* at 1; Plea Proceeding Tr. 2:08–14 (Nov. 14, 2012) ("2012 Plea Tr."), ECF No. 105-1. When he pleaded guilty to criminal sale of a controlled substance in the fifth degree, in connection with that arrest, the judge allowed him to continue in the diversionary program on the condition that he abide the law and attend a residential drug treatment program. 2012 Plea Tr. 8:04–09. Unfortunately, Mr. Jackson did not abide by the law,

4

as evidenced by his ongoing criminal activities following his 2012 guilty plea. *See* Criminal Repository, ECF No. 97-1. I find that Mr. Jackson's drug-sale conviction is probative of his character for untruthfulness and therefore has significant impeachment value.

As to the second factor, Mr. Jackson was convicted in March 2016 and was released from prison in May 2018. Gov't's Letter 1, 3. He has been arrested multiple times since his release, and those cases are still pending. *Id.* "As the Second Circuit has explained, more recent convictions have more probative value." *White*, 312 F. Supp. 3d at 360 (citing *Hayes*, 553 F.2d at 828). While any conviction within the ten-year statutory limit set forth in 609(b) is "subject to the more lenient balancing test of Rule 609(a)(1)(B) . . . convictions within the latter half of the ten-year period have diminishing probative value." *Id.* The conviction here is relatively recent, falling within the former half of the ten-year period, and therefore has increased probative value.

As to the third factor, the crimes of drug sale and gun possession are not facially similar. However, some courts have found that evidence of a prior drug sale is prejudicial in the context of a felon-in-possession case because juries are likely to view guns as "tools of the drug trade." *United States v. Vasquez*, 840 F. Supp. 2d 564, 571 (E.D.N.Y. 2011) (quoting *United States v. Hernandez*, 85 Fed. App'x 269, 271 (2d Cir. 2004)). In *Vasquez*, the district court found that the connection between gun possession and drug sale weighed against admission because of the likelihood that the evidence would transform the case "from one in which the jury is determining whether the defendant possessed a firearm on the day in question to one where the jury is determining whether a *drug dealer* possessed a firearm." *Id.* (emphasis in original). Similarly, in *United States v. White*, the court worried that a drug sale conviction is "suggestive of a propensity to engage in crime that may involve a firearm" and that therefore "the jury is more

5

likely to view the testifying Defendant as having a propensity to commit crime (and to carry a gun) than having a propensity to be dishonest." No. 08–CR–0682 (NGG), 2009 WL 4730234, at *6 (E.D.N.Y. Dec. 4, 2009). Here, this risk of prejudice can be eliminated by prohibiting the government from inquiring into "the nature or statutory name of [the] offense," while still allowing it to inquire into the other "essential facts," namely the fact of the felony conviction, the date, and the length of the sentence. *Estrada*, 430 F.3d at 616.

The fourth and fifth factors—the "centrality of the Defendant's credibility" and "the importance of the Defendant's testimony"—weigh in favor of admission. *Brown*, 606 F. Supp. 2d at 312. As the government notes, "[w]ere the defendant to testify that he did not possess a firearm, the jury's entire deliberation would boil down to whether that claim was true or not." Gov't's Letter 4. The jury will be tasked with weighing the credibility of the defendant's testimony with that of the government's witnesses. Given that I am allowing the defense to raise a significant amount of impeachment evidence against the NYPD officers, to "allow [] [the defendant . . . to appear 'pristine' would . . . [be] unfair and misleading to the jury." *Brown*, 606 F. Supp. 2d at 317 (quoting *Ortiz*, 553 F.2d at 785). *Cf. Vasquez*, 940 F. Supp. 2d at 572–73 (finding that it was not an issue for defendant to seem "pristine" where there was no indication that the government's witnesses would have their credibility undermined by any impeachment evidence).

Overall, the factors weigh in favor of allowing the government to impeach Mr. Jackson, should he testify, with evidence of his March 2016 conviction. As discussed above, I will allow the government to inquire into the "essential facts" of the crime with the exception of "the nature or statutory name of [the] offense." *Estrada*, 430 F.3d at 616. I will not allow the government to

6

inquire into non-essential facts, such as the fact that the defendant committed the crime "while in a judicial drug diversion program." Gov't's Letter 4.

### II. Mr. Jackson's Prior Conviction for Criminal Sale of a Controlled Substance in the Fifth Degree

The government also seeks to introduce Mr. Jackson's January 2016 drug-sale conviction. *Id.* at 1. While the two convictions are similar, the probative value of this second conviction is weaker, because the crime of conviction—a class D felony as opposed to a class B felony—is less serious. Criminal Repository 6, 11. In the interest of avoiding needlessly cumulative evidence, I preclude the government from questioning Mr. Jackson about his conviction of criminal sale of a controlled substance in the fifth degree pursuant to Rule 609(a)(1). *See Brown*, 606 F. Supp. 2d at 314 ("The court will not permit the government to resort to a 'piling on' effect by introducing" a second conviction to impeach the defendant's credibility.).

The government also argues, with regard to the defendant's efforts to resist arrest in the context of his January 2016 conviction, that "to the extent defendant would seek to offer some alternative explanation for why he fled from the police in this case, the jury is entitled to know the fuller context of the defendant's previous interactions with the police, including his prior efforts at resisting arrest." Gov't's Letter 4. The government cites *United States v. Alexander*, in which the Ninth Circuit held that it was appropriate to admit evidence of the defendant's prior interactions with police under Rule 609 where the defendant "intended to misrepresent his character or to testify falsely as to his prior criminal record," so as not to mislead the jury into "believing that . . . [the defendant] had no previous trouble with the police." 48 F.3d 1477, 1489 (9th Cir. 1995). However, given that I am permitting the government to admit evidence of Mr.

7

Jackson's March 2016 conviction, there is little chance that the jury will be misled into thinking that he has not had any prior trouble with the police. Therefore, this concern does not justify introducing a second prior drug-sale conviction.

## CONCLUSION

For the foregoing reasons, I grant the government's motion to inquire into the essential facts of Mr. Jackson's March 2016 conviction, with the exception of the statutory name of the offense, but deny its motion with regard to his January 2016 conviction.[1]

SO ORDERED.

Dated: December 2, 2020
       Brooklyn, NY

                                                                                                _____/s/_____
                                                                                      Allyne R. Ross
                                                                                      United States District Judge

---

[1] This opinion is limited to the government's motion to admit evidence of the defendant's prior convictions pursuant to Rule 609(a)(1). I do not at this time make any decisions about the government's ability to use this evidence to rebut any specific falsehoods should they arise in Mr. Jackson's testimony. *See e.g. United States v. Garcia*, 936 F.2d 648, 653 (2d Cir. 1991) ("[W]here a defendant testifies on direct examination regarding a specific fact, the prosecution may prove on cross-examination 'that [the defendant] lied as to that fact'" (internal citation omitted)); *United States v. Beverly*, 5 F.3d 633, 639 (2d Cir. 1993) (affirming the district court's decision to allow the government to inquire into the defendant's prior gun conviction in order to rebut the defendant's testimony that he had no familiarity with guns and had never possessed a gun).