UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>— against —<br><br>TYQUAN JACKSON,<br><br>*Defendant*. | No. 19-CR-356 (ARR)<br><br>Not for print or electronic publication<br><br>Opinion & Order |

ROSS, United States District Judge:

The government moves to seal its December 5, 2020 letter and defendant's December 4, 2020 letter because they discuss Civilian Complaint Review Board ("CCRB") and Internal Affairs Bureau ("IAB") allegations against the government's witness, Detective Kevin Deleon. Gov't's Letter, ECF No. 125. The government argues that sealing is necessary in order to protect Det. Deleon's privacy interest because the allegations contain speculation and unsubstantiated complaints. *Id.*

The public has a presumption of access to judicial documents under both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113 (2d Cir. 2006). District courts must therefore "avoid sealing judicial documents in their entirety unless necessary." *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008). In certain circumstances, however, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. In determining whether the First Amendment presumption of access applies, the court should consider, first, whether the proceeding or filing at issue has traditionally

been open to the press and general public and, second, whether public access "plays a particularly significant positive role in the actual functioning of the process." *United States v. Wolfson*, 55 F.3d 58, 60 (2d Cir. 1995). This circuit has held that the First Amendment right attaches "to written documents filed in connection with pretrial motions" in criminal cases, *id.*, but generally does not apply to discovery materials exchanged privately between the parties or between one party and the court. *United States v. Avenatti*, 20 WL 70952, at *2–3, No. 19-CR-373 (PGG) (S.D.N.Y. Jan 6, 2020).

Here, the presumption of access attaches to the parties' letters because they were "filed in connection with [a] pretrial motion[]." *Wolfson*, 55 F.3d at 60. The government argues that this presumption is outweighed by Det. Deleon's privacy interest because the letters contain speculation and unsubstantiated complaints against him. The letters do contain summaries of and references to unsubstantiated IAB and CCRB allegations disclosed by the government pursuant to its *Giglio* obligation. As I have already made clear, these unsubstantiated allegations are irrelevant to the witness's character for truthfulness and therefore inadmissible. Order & Opinion 5 n.1, ECF No. 118. Defendant did not seek to admit these unsubstantiated complaints as impeachment evidence but did discuss the facts of these complaints in support of its argument for admitting evidence of a substantiated CCRB allegation from 2009. Def.'s Letter.

While I agree with the government that the unsubstantiated allegations are unreliable, speculative, and immaterial, the government has failed to provide "specific, on the record findings . . . demonstrating that" sealing the letters in their entirety "is narrowly tailored to serve" the witness's privacy interest. *Lugosch*, 435 F.3d at 120. Therefore, I deny the government's motion to seal the letters but find that narrowly tailored redactions that remove references to the facts of the unsubstantiated allegations are warranted.

## CONCLUSION

For the foregoing reasons, the government's motion to seal the December 4, 2020 and December 5, 2020 letters is denied. I direct that the government consult with defense counsel in making the limited redactions discussed above.

SO ORDERED.

Dated:  December 16, 2020
        Brooklyn, NY

                                                _/s/_____
                                                Allyne R. Ross
                                                United States District Judge