UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

— against —

TYQUAN JACKSON,

*Defendant.*

---

No. 19-CR-356 (ARR)

Not for print or electronic publication

Opinion & Order

ROSS, United States District Judge:

Defendant, Tyquan Jackson, moves for conditional release pending trial on the grounds that the length and conditions of his confinement violate due process. Def.'s Mot., ECF No. 137. The government opposes. Gov't's Opp'n, ECF No. 138. Mr. Jackson has not submitted any reply. For the reasons set forth below, Mr. Jackson's motion is denied.

## BACKGROUND

Mr. Jackson, who is charged with one count of being a felon in possession of a firearm, is currently detained at the Metropolitan Detention Facility ("MDC") while he awaits trial. Indictment, ECF No. 11. His trial was scheduled to begin on December 7, 2020 but has been postponed due to the Administrative Order suspending all in-person proceedings in the Eastern District of New York due to the COVID-19 pandemic. *See* Admin. Order No. 2020-26-2, *Second Amendment of Administrative Order 2020-26 and Further Temporarily Suspending All In-Person Proceedings* (E.D.N.Y. Jan 14, 2021). Mr. Jackson has spent approximately nine months in MDC custody; he was incarcerated from November 2019 to April 2020 and then again from October 2020 to the present. First Order of Detention, ECF No. 23; Order Granting Def.'s Mot.

Release ("Release Order"), ECF No. 50; Second Order of Detention, ECF No. 73. On April 17, 2020, I granted Mr. Jackson's motion for release after he misled me to believe that he suffered from asthma, which the Centers for Disease Control and Prevention ("CDC") has identified as a condition associated with an increased risk of severe illness from COVID-19. Release Order. On October 26, 2020, I remanded Mr. Jackson after learning that he did not in fact have asthma. Second Order of Detention. Had I known that Mr. Jackson did not have asthma, I would not have granted his release in April because he "does not have a good track record of complying with conditions of bail and appearing in court as required" and "[h]e does have a significant criminal history and he has missed court appearances." Release Order 4.

Mr. Jackson now moves for release on the grounds that his current conditions of confinement and the length and indefiniteness of his confinement violate due process. Def.'s Mot. 3–5. He alleges that since December 2020, he has been confined in the Special Housing Unit ("SHU"), where he shares an eight-by-twelve-foot cell with one other inmate. Def.'s Mot. 2. His current SHU confinement differs from typical MDC SHU confinement in several ways. First, he is only allowed outside his cell for thirty minutes three times a week, compared to the typical one hour per day in regular SHU conditions. *Id.* Second, there is no shower in his cell. *Id.* Therefore, Mr. Jackson has only three thirty-minute periods per week in which he can take showers, make phone calls, send or receive e-mail, or visit the law library. *Id.* He does not have access to the commissary for food or personal items and, unlike other MDC inmates, he is not allowed to have in-person visits from his counsel. *Id.* at 2–3. Mr. Jackson's counsel spoke with an MDC staff attorney who confirmed that Mr. Jackson's unit was more restrictive but "stated she could not disclose . . . why Jackson was in such a unit or even what unit he is in." *Id.* at 3.

The government has clarified, after consulting with counsel for the MDC, that Mr.

Jackson has not in fact been subject to these conditions since December 2020. Gov't's Opp'n 4. In actuality, he has been confined to restricted SHU conditions since approximately February 6, 2021, due to a recent potential exposure to COVID-19. *Id.* His current conditions are temporary; he will be returned to regular conditions once he goes fourteen days without testing positive for the virus. *Id.* At that point, he will be able to leave his cell for ninety minutes per day, seven days per week, and meet in person with his attorneys just like the typical MDC inmate. *Id.* at 4–5. The defense has not countered any of these assertions.

## DISCUSSION

### I. The conditions of Mr. Jackson's confinement do not violate due process.

Mr. Jackson argues that his current conditions violate due process because they are "atypical and [a] significant hardship . . . in relation to the ordinary incidents of prison life." Def.'s Mot. 3–4 (quoting *Colon v. Howard*, 215 F.3d 227, 228–29 (2d Cir. 2009)). Mr. Jackson's claim fails for several reasons. First, his factual allegations are not correct. The defense did not contest the government's clarification that Mr. Jackson had been in restricted SHU conditions due to COVID-19 exposure for roughly two weeks at the time of his motion, not two months, and will be returned to normal conditions as soon as he has gone fourteen days without a positive COVID-19 test. Gov't's Opp'n 4–5.

Second, although I acknowledge that federal inmates have unfortunately been subject to harsh conditions because of the COVID-19 pandemic, I do not find that Mr. Jackson's current conditions violate due process. In order to establish a due process violation, an inmate must show that his pretrial conditions "amount to punishment," either by showing an express intention to punish or showing that the conditions are "not reasonably related to a legitimate goal." *Bell v. Wolfish*, 441 U.S. 520, 535, 539 (1979). Here, Mr. Jackson has not alleged any intent to punish,

3

nor has he challenged the government's assertion that his conditions are reasonably related to the goal of containing the spread of COVID-19 at MDC. Instead, he cites several cases brought by post-conviction defendants challenging their conditions of confinement during periods of punishment for disciplinary reasons. Def.'s Mot. 3–4. These cases are not comparable to Mr. Jackson's current situation.

## II. The length of Mr. Jackson's confinement does not violate due process.

In considering whether the length of pretrial detention violates due process, courts "consider the strength of the evidence justifying detention, the government's responsibility for the delay in proceeding to trial, and the length of the detention itself." *United States v. Briggs*, 697 F.3d 98, 101 (2d Cir. 2012). As to the first factor, Mr. Jackson argues that he is not a flight risk because he did not flee during the time that he was home between April and October 2020 and appeared in court for his bail revocation hearing "when it was apparent there was a strong likelihood of being ordered detained." Def.'s Mot. 5. However, Mr. Jackson's compliance with his conditions of release during that period is not enough to outweigh his record of violent conduct and missed court appearances. *See United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993) (the strength of evidence justifying detention "weighs extremely heavily in the government's favor" where the district court has found defendants to be dangerous); *cf. United States v. Gonzales Claudio*, 806 F.2d 334, 343 (2d Cir. 1986) (this factor weighed against government where defendant had never previously fled or "failed to honor court orders"). I have repeatedly held that detention is necessary in Mr. Jackson's case due to his history of violence and missed court appearances. These factors are unchanged, and the defense has not given me any reason to change my mind.

As to the second factor, Mr. Jackson concedes that the government is not to blame for the

delay in bringing Mr. Jackson to trial. Def.'s Mot. 5. The delay in this case is due solely to the temporary suspension of trials in response to the COVID-19 pandemic. Finally, as to the third factor, the length of Mr. Jackson's pretrial detention—approximately nine months, not including the time he was at liberty between April and October 2020—is not great enough to constitute a violation of due process. The Second Circuit has affirmed denials of similar due process claims in which defendants were detained for far longer. *See e.g.*, *United States v. Williams*, 736 F. App'x 267, 272 (2d Cir. 2018) (summary order) ("A delay of 19 months, by itself, is not so excessive as to be presumptively prejudicial, especially where, as here, there is no allegation that there was any impairment to the defense"); *Briggs*, 697 F.3d at 101 (finding that a 26-month pretrial detention did not violate due process); *cf. United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993) (finding that a pre-trial detention between thirty and thirty-one months weighed in favor of the defense); *Gonzales Claudio*, 806 F.at 335 (a pretrial detention of two years and two months weighed in favor of the defense).

Because none of these three factors weigh in favor of Mr. Jackson's claim, I cannot conclude that the length of his sentence violates due process.

## CONCLUSION

For the foregoing reasons, Mr. Jackson's motion for release is denied.

SO ORDERED.

Dated: February 26, 2021
      Brooklyn, NY

                                                                                              /s/_____
                                                                                              Allyne R. Ross
                                                                                              United States District Judge